UNITED STATES of America, Appellee,

v.

Eric VON WASHINGTON, Appellant.

No. 90–1423.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Sept. 28, 1990.

R. Thomas Day, St. Louis, Mo., for appellant.

John E. Hall, St. Louis, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and WOODS, District Judge.*

PER CURIAM.

Eric Von Washington pleaded guilty to embezzlement of mail by a postal employee in violation of 18 U.S.C. § 1709 (1988). On November 17, 1989, the district court, after determining that Von Washington's offense level was four, his criminal history category was one, and his sentencing guideline range was zero to four months imprisonment, sentenced him to three years probation. On March 1, 1990, following a hearing, the district court found that Von Washington had used cocaine in violation of a condition of his probation and revoked his probation. The court, without reference to the applicable guideline range, sentenced Von Washington to one year in prison followed by two years supervised release. The new sentence was within the statutory maximum for Von Washington's offense of conviction, but was not within the guideline range as determined at the time of his original sentencing.

On appeal, Von Washington asserts that the district court should have followed the guideline applicable to his offense of conviction when sentencing him after revoking his probation. The government responds that no applicable guideline exists for sentencing after probation revocation. Thus, because the sentence was within the statutory maximum, the court properly sentenced Von Washington. We agree with Von Washington, vacate his sentence and

remand to the district court for resentencing.

Under 18 U.S.C. § 3565(a) (1988), the district court may continue or revoke probation when a defendant violates a condition of probation. If the court revokes probation, it may then "impose any other sentence that was available under subchapter A at the time of the initial sentencing." Subchapter A is codified at 18 U.S.C. §§ 3551–3559 (1988) and requires the court to sentence defendants in accordance with the sentencing guidelines except when no applicable guideline exists. *Id.* § 3553(b).

Whether section 3565 requires a court to sentence a defendant under the guideline for the offense of conviction following probation revocation is an issue that had not been addressed by the courts of appeals at the time Von Washington was resentenced. Subsequently, the Eleventh Circuit has held that a district court, on resentencing after revoking probation, must sentence the defendant within the guideline range applicable to the offense of conviction. *United States v. Smith*, 907 F.2d 133 (11th Cir.1990).

In *Smith*, the Eleventh Circuit held that, following probation revocation, the district court was required to impose a sentence that was available at the time of the original sentencing. At the original sentencing the district court was required to sentence the defendant in accordance with the guidelines. Thus, the guidelines and the statutory maximum sentence for the offense determined what sentences were available at that time. Additionally, the court made factual findings and determined the defendant's offense level and criminal history category. These findings further defined the available sentences. *Id.* at 135. On resentencing, these factors continued to delineate what sentences were available. Thus, the defendant's post-conviction conduct did not affect what sentences were available after probation revocation.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Post-sentencing conduct, however, while not considered when determining the guideline range, is not irrelevant. The Eleventh Circuit indicated that such conduct could be considered for three main purposes. First, post-sentencing conduct could convince the district court to depart from the guidelines. Because the new sentence must be one that was available at the time of the initial sentence, a departure on resentencing would be proper only if the facts supporting it were presented to the court at the initial sentencing. *Id.* at 135–36. The district court could not make additional factual findings to support a departure, but could, in light of the defendant's post-sentencing conduct, reconsider its original decision not to depart.

Second, the district court could consider the defendant's post-sentencing conduct when deciding whether to continue or revoke probation.[1] And, finally, the court could consider post-sentencing conduct when determining the appropriate sentence within the applicable guideline range. *Id.* at 136.

The government argues that 28 U.S.C. § 994(a)(3) (1988), which provides that the Sentencing Commission shall promulgate guidelines or policy statements regarding probation revocation, indicates that Congress did not intend that the guideline for the underlying offense of conviction be applied after probation revocation. The government finds support for this argument in the fact that the Commission recently promulgated a probation revocation guideline.

We disagree and find no indication that Congress, and the Commission, did not intend for the original guideline to apply following probation revocation. The fact that the Commission may adopt specific probation revocation guidelines does not convince us otherwise. Thus, we agree

with the holding of the Eleventh Circuit in *Smith.*

We vacate Von Washington's sentence and remand to the district court for sentencing in accord with this opinion.[2]

---

1. The court exercises discretion when determining whether to continue or to revoke a defendant's probation, *except in the following circumstance:*

    Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original *sentence.*

    18 U.S.C. § 3565(a).

2. Appellant's motion for release pending appeal, taken by the court for consideration with the case on its merits, is now denied.