UNITED STATES of America,
Plaintiff–Appellee,

v.

David Robert WHITE,
Defendant–Appellant.

No. 89–50430.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1990.

Decided Jan. 29, 1991.

James F. Pokorny, San Diego, Cal., for defendant-appellant.

Michael A. Dowd, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before FLETCHER, BOOCHEVER and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

David Robert White appeals from an order of the district court revoking his probation and sentencing him to a three-year term of incarceration. We vacate White's sentence and remand his case to the district court for resentencing.

## BACKGROUND

On June 7, 1988, appellant David White pleaded guilty to conspiracy to convert government property in violation of 18 U.S.C. §§ 641, 371 (1988). The presentence report calculated a zero to six month sentencing range, and it recommended probation. The district court adopted the report's recommendation and, on September 26, 1988, sentenced White to three years' probation. On March 30, 1989, the probation department recommended that the district court revoke White's probation because he was convicted during probation of misdemeanor possession of a concealed firearm in violation of Cal.Penal Code § 12031(a). In response, on July 5, 1989, the court held a hearing and concluded that White had violated the terms and conditions of his probation.

On July 31, 1989, the district court revoked White's probation. A second presentence report was prepared which recommended a three-year prison sentence for White, based largely on his behavior during probation. The court adopted the report's recommendation and sentenced White to three years' imprisonment. This appeal followed.

## DISCUSSION

18 U.S.C. § 3565(b) (1988) reads:

If the defendant is in actual possession of a firearm ... at any time prior to the expiration or termination of the term of probation, the court shall, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, revoke the sentence of probation *and impose any other sentence that was available under subchapter A* [18 U.S.C.S. § 3551 et seq.] *at the time of the initial sentencing.* (emphasis added)

It is undisputed that appellant White was convicted of the possession of a loaded firearm, Cal.Penal Code § 12031(a), while he was on probation for his initial crime. Therefore, under § 3565(b), revocation of his probation was mandatory. The sole issue in this appeal is the appropriate sentence to impose upon a defendant when probation is revoked. Appellant White challenges the three-year sentence imposed by the district court because it is beyond the sentencing range applicable for his initial crime (zero to six months). This issue necessarily turns on the interpretation of the final clause of § 3565(b), emphasized above.

This issue is one of first impression in this circuit. We are afforded the guidance of two other courts which have addressed the issue. In *United States v. Smith*, 907 F.2d 133 (11th Cir.1990), the defendant pleaded guilty to possession of counterfeit United States currency in violation of 18 U.S.C. § 472. Under the Sentencing Guidelines, the offense level of Smith's crime was nine, his criminal history category was one, and the applicable sentencing range was four to ten months. The district court adopted the probation officer's recommendation and imposed a sentence of three years' probation. *Id.* at 134.

When Smith subsequently violated a condition of probation, the district court revoked his probation. In resentencing Smith, the court adopted the recommendation of the probation officer of eighteen months' imprisonment. The officer arrived at this figure by adding a base offense level of four, representing the level for the conduct which violated probation, to the original base level of nine. The resulting level of thirteen corresponded to a twelve to eighteen month guideline range. *Id.*

In *United States v. Von Washington*, 915 F.2d 390 (8th Cir.1990), the defendant pleaded guilty to embezzlement of mail by a postal employee in violation of 18 U.S.C. § 1709 (1988). Under the Guidelines, the base offense level of Von Washington's crime was four, his criminal history category was one, and the resulting sentencing range was zero to four months. The district court sentenced Von Washington to three years' probation. When Von Washington violated his probation, the court revoked his probation and, without reference to the guideline range, sentenced him to one year in prison to be followed by two years supervised release. *Id.* at 391.

■ Both the *Smith* and *Von Washington* appellate courts reviewed sentences which were beyond the sentencing ranges applicable to the defendants' initial crimes. The courts reached similar conclusions regarding the correct application of § 3565 to probation-violation sentencing.[1] They held that sentences under § 3565 cannot be based on a defendant's probation-violating conduct. *Smith*, 907 F.2d at 135; *Von Washington*, 915 F.2d at 391. As the *Smith* court reasoned, because the "conduct that constituted a probation violation had not yet occurred, no upward adjustment in Smith's total offense level could have been based on that conduct, and the longer sentence of imprisonment resulting from such an adjustment was therefore not 'available'." *Smith*, 907 F.2d at 135.

This interpretation of § 3565's language is supported by the plain meaning of the statute. The district court must impose "any other sentence that was available ... at the time of the initial sentencing." 18 U.S.C. § 3565(b). Clearly sentences for crimes or violations occurring *during* probation are not "available" at the initial sentencing. Therefore, probation conduct cannot directly increase a sentence. Sentencing courts are constrained by the offense level, criminal history category, and sentencing range determined during the initial sentencing.

■ However, a district court is not absolutely limited by § 3565(b)'s language to the original sentencing range. The court

---

1. These courts interpreted § 3565(a), whereas the instant case involves the interpretation of § 3565(b). Under § 3565(a), revocation of probation is not mandatory. However, once a court has revoked probation under this section, it must sentence the defendant pursuant to language which is identical to that of § 3565(b). Therefore, the *Smith* and *Von Washington* courts analyzed the same language at issue in the instant case.

can depart from the original range, provided that facts warranting departure were available at the initial sentencing. Courts may "revisit those facts [available at the initial ˙sentencing which would have justified departure] and, based upon them, may choose to depart when imposing the new sentence." *Smith*, 907 F.2d at 135. This is again entirely consistent with the plain language of § 3565(b). Because departure-related facts are, by definition, "available" at the initial sentencing, the district court is allowed to reconsider them.

 Applying these principles to appellant White, the district court's sentence is excessive. The original maximum sentence available to the court was six months. However, the court sentenced White to six times that amount, three years. The record indicates that the three-year sentence was probably based on White's probation activity. Further, the three-year sentence cannot be viewed as a valid departure from the original sentencing range. The court did not indicate that it was departing from the original range, nor that it disagreed with the initial presentence report's conclusion that no departure factors existed. Because White's sentence does not conform with the language of § 3565(b), we must vacate his sentence and remand his case for resentencing.

■ Although not necessary to our holding, we note that probation-violating conduct is not completely irrelevant to sentencing under § 3565(b). It is relevant to two sentencing decisions.[2] First, the sentencing court can consider the conduct when determining the appropriate sentence to impose within the initial guideline range. *Smith*, 907 F.2d at 136; *Von Washington*, 915 F.2d at 392. Second, the sentencing court can consider the conduct in determining whether to depart from ·the initial guideline range. As discussed above, the departure factors must have been before the court at the time of the initial sentencing. *Smith*, 907 F.2d at 136; *Von Wash-*

*ington*, 915 F.2d at 392. In other words, the court cannot make additional factual findings to justify a departure, but can reconsider its original decision not to depart in light of the defendant's subsequent actions. *Von Washington*, 915 F.2d at 392.

### CONCLUSION

Based on the plain meaning of 18 U.S.C. § 3565(b), the district court erred in sentencing appellant White to three years' imprisonment. His sentence is vacated and the case is remanded to the district court for resentencing consistent with this opinion.

---

**2.** Under § 3565(a), the conduct is relevant to a third sentencing decision, namely whether to continue or revoke probation. *Smith*, 907 F.2d at 136; *Von Washington*, 915 F.2d at 392.