927 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrious G. PANTELOUKAS, Defendant-Appellant.
 No. 90-3389.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 88-00183; Manos, J.
 N.D.Ohio
 REVERSED.
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Demetrious Panteloukas, appeals the sentence imposed on him after revocation of his probation. For the reasons that follow, we reverse.
 
 I.
 
 2
 On October 3, 1988, defendant Panteloukas was sentenced to three years probation and given six months to serve in a community treatment complex. At the time of sentencing the district court warned the defendant as follows:
 
 
 3
 I want you to understand that in the event within this three year period you violate the law, you commit an offense, the result of which makes you a probation violator, you will go to jail for the three year period in this sentence which is three years probation. Do you understand that?
 
 
 4
 The defendant signified his understanding of the warning but apparently ignored it and found himself before the same court on April 13, 1990, convicted of a new drug distribution offense and facing revocation of his probation.
 
 
 5
 Under the United States Sentencing Guidelines, the sentencing range applicable to defendant Panteloukas' original sentence was six to twelve months. Upon revocation of his probation, however, no mention was made of the guidelines. The district court simply made good its earlier warning by committing the defendant to the custody of the Attorney General for three years, a sentence well beyond the guideline range for the original offense.[1] Neither the court nor counsel discussed the original presentence report or guideline range, and there was no mention of a departure from it.
 
 
 6
 Defendant Panteloukas timely filed a notice of appeal. The only issue on appeal is whether the district court erred, upon revocation of the defendant's probation, in imposing a sentence of three years despite the fact that the sentencing guidelines indicated a sentence of between six and twelve months.
 
 II.
 
 7
 The issue in this case turns on the question of whether the district court correctly interpreted and applied the sentencing law. Our review is, therefore, de novo. United States v. Belanger, 892 F.2d 473, 475 (6th Cir.1989); United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989).
 
 
 8
 The statute governing probation revocation provides that a sentencing court, having made the decision to revoke probation, may "impose any other sentence that was available under subchapter A [18 U.S.C. Secs. 3551-3559] at the time of the initial sentencing." 18 U.S.C. Sec. 3565(a)(2). This statutory limitation to sentences that were available at the time of the initial sentencing has recently been held to mean that the court must look to the sentencing guidelines applicable to the original proceeding, including any factors that would then have warranted a departure, and impose a sentence within those guidelines unless a departure had also been warranted originally. United States v. Smith, 907 F.2d 133, 135 (11th Cir.1990); United States v. Von Washington, 915 F.2d 390, 392 (8th Cir.1990).
 
 
 9
 Since the sentencing court in this case effected a departure from the original guideline range of six to twelve months, it should have taken the steps necessary to justify the departure. However, none of the procedures prerequisite to a departure were followed in this case. The district court made no finding of the existence of any aggravating factors, as it was required to do by 18 U.S.C. Sec. 3553(b), see United States v. Rodriquez, 882 F.2d 1059, 1065 (6th Cir.1989), cert. denied, 110 S.Ct. 1144 (1990), nor did it state the specific reasons for departure, as required by 18 U.S.C. Sec. 3553(c); see United States v. Kennedy, 893 F.2d 825, 827 (6th Cir.1990), nor was there any explanation of how the aggravating factors, if any, were connected to the permissible grounds for departure, as our cases require. Id. at 828 ("The district court's references to Kennedy's extensive criminal record and failures of rehabilitation failed to explain how the guideline range was inadequate."); see also United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989). Thus, the record is bare of any of the findings that must support a departure. As a result, we are unable to determine whether a departure was warranted and, if so, whether the degree of this departure was reasonable. See Belanger, 892 F.2d at 475.
 
 
 10
 If a court wishes to depart after a probation revocation, it must bear in mind the time strictures mentioned in United States v. Smith:
 
 
 11
 The relevant facts before the court at the time of initial sentencing also determine whether and to what extent the district court may depart from the guidelines after probation revocation. If at that time the court had before it information that would have justified a departure, the court may revisit those facts and, based upon them, may choose to depart when imposing the new sentence. In such a case, the sentence departing from the guidelines was available at the time of initial sentencing, although the court did not at that time choose to depart or even to identify the information that supported a possible departure. 907 F.2d at 135 (emphasis added in first instance).
 
 
 12
 We believe that Smith correctly states the law under the guidelines applicable to sentence revocation proceedings. Therefore, the three-year sentence imposed on April 13, 1990, cannot stand. It was, in fact, an upward departure from the guidelines as they existed at the date of defendant's original sentencing, and it was imposed without a statement or explanation of supporting reasons. We are unable to review the facts that might have supported it, because none are mentioned. Neither can we review the district court's application of the appropriate laws and guidelines to those facts, nor can we make any determination about whether the degree of the departure was reasonable.
 
 III.
 
 13
 For the reasons stated, the sentence of the district court is VACATED, and this case is REMANDED for resentencing in accordance with this opinion.
 
 
 
 [1]
 On November 1, 1990, long after the revocation and sentencing in this case, new guidelines for violations of probation were issued. United States Sentencing Commission, Guidelines Manual, Chap. 7 (Nov.1990). Under the new guidelines, the maximum sentence Panteloukas could have received on revocation of his probation was twelve to eighteen months. U.S.S.G. Sec. 7B1.4. Thus the district court's sentence of three years is a substantial departure even when viewed from the perspective of the new guidelines