**UNITED STATES of America, Plaintiff,**

v.

**Orlando TELLEZ, Defendant.**

**No. 88–289–Cr.**

United States District Court,
S.D. Florida.

May 15, 1991.

inform Ms. Hall of any offers made by the government.

**1500**

A. Lee Bentley, Asst. U.S. Atty., Miami, Fla., for plaintiff.

John Lazarus, Coconut Grove, Fla., for defendant.

1. For a complete history and recitation of the facts, *See United States v. Tellez,* 915 F.2d 1501

### ORDER

NESBITT, District Judge.

Defendant Orlando Tellez appeared before the Court for a resentencing following a Judgment and Mandate from the United States Circuit Court for the Eleventh Circuit, which directed this Court to vacate the sentence previously imposed on October 31, 1989, consistent with the dictates of *United States v. Smith,* 907 F.2d 133 (11th Cir. 1990). By way of brief history, on September 10, 1988, the Defendant pled guilty to a charge of conspiracy to possess and sell counterfeit currency under 18 U.S.C. § 371. On November 1, 1988, the Court suspended the imposition of sentence and placed the Defendant on probation for a period of three years. On October 31, 1989, the Court revoked the Defendant's probation and sentenced him to the custody of the Attorney General for a period of three years.[1]

By this Order, the Court elaborates on and incorporates by reference the oral findings and statement of reasons made at the resentencing hearing on February 12, 1991. At the conclusion of the hearing, the Court vacated the sentence imposed on October 31, 1989, and resentenced the Defendant in accordance with the applicable guidelines in effect at the time the Defendant was placed on probation. Based upon a review of the pre-sentence investigation report ("PSI"), consideration of the testimony of the probation officer, and after considering the sentences available when the Defendant was placed on probation, the Court sentenced the Defendant to a term of five (5) months imprisonment, credit time served, to be followed by a term of three years of supervised release. The Defendant was sentenced by being placed on probation on November 1, 1988; therefore the Sentencing Reform Act of 1984 and guidelines in effect November 1, 1988 are applicable. The computation utilized by

(11th Cir.1990).

the Court is as follows:

Base Offense Level: U.S.S.G. § 2B5.1(a)  9

Adjustment for Role: U.S.S.G. § 3B1.2(b)  −2

Adjustment for Acceptance of Responsibility: U.S.S.G. § 3E1.1(a)  −2

TOTAL OFFENSE LEVEL:  5

CRIMINAL HISTORY CATEGORY:  I

Guideline Range:

| | |
|---|---|
| Imprisonment: | 0 to 5 months |
| Probation: | 1 day to 3 years |
| Supervised Release: | 2 to 3 years (optional) |
| Fine: | $250 to $2,500 |

The day following the resentencing, the Defendant filed a "Motion to Correct Sentence and to Reconvene the Sentencing Hearing," raising three points: (1) the Court's failure to inquire of the Defendant whether the defense had any objection to the manner in which the guideline sentence was calculated; (2) the failure to advise the Defendant of his right to appeal and his right to proceed with a court-appointed counsel or counsel of his choice; and (3) the need for an evidentiary hearing "to establish prosecutorial vindictiveness" in seeking and obtaining a new sentence of supervised release.

■ As to the first point, the failure of the court to elicit objections as to the sentence, the transcript of the resentencing hearing reflected the following colloquy occurred:

The Court: Mr. Tellez is before the court.

Mr. Klugh: Yes, Your Honor. We are here before the court for resentencing in accordance with *United States versus Tellez* at 915 F.2d 1518.

The Court: According to the Eleventh Circuit decision, I am to sentence Mr. Tellez [under] any sentence available under the Sentencing Guideline Reform Act at the time he was sentenced.

Those options would be zero to five months, and he has already served more time than that, supervised release in addition to probation, or credit time served.

Are those the options as you see them, Mr. Klugh?

Mr. Klugh: Your Honor. I do not believe supervised release is an option in this case because the Court did not impose supervised release in the initial sentencing. Imposing such a sentence at this point would be a vindictive imposition. (Tr. 2—3).

A large portion of the remainder of the hearing involved objections by counsel for the Defendant as to any consideration by the Court of supervised release. (Tr. 3—12). Opportunity was afforded to the Defendant and defense counsel to present any matters to the Court relevant to the Sentencing, (Tr. 14). The major concern of defense counsel to the sentence to be imposed was that the Court not consider imposing a period of supervised release. It is apparent from the record that defense counsel had ample opportunity and in fact did object to the manner in which the guideline sentence was calculated. Clearly under the dictates of *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), Defendants' counsel had an opportunity to object to the district court's "ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced."

■ In regard to the second issue, the Court's failure to apprise the Defendant of his right to appeal, it is clear from the record that the Defendant's counsel, Richard Klugh, who had successfully represented the Defendant on appeal from the sentence imposed on October 31, 1989, also represented the Defendant at the February 12, 1991 re-sentencing hearing. In addition, at the conclusion of the re-sentencing hearing, the Defendant's counsel requested a bond pending appeal and a stay of the imposition of the sentence pending appeal. The Court denied the stay, but allowed the

Defendant to remain out on his own recognizance pending appeal. (Tr. 20–21). It is clear from the record that the Defendant and his counsel were aware of the Defendant's right to pursue an appeal, even in the absence of a formal recitation by the Court of the steps necessary for the Defendant to perfect an appeal of the sentence imposed.

The last request, for an evidentiary hearing to establish "the vindictiveness issue," was initially raised at the sentencing hearing. The Court directed the Defendant to file further pleadings in support of the claim of prosecutorial vindictiveness. (Tr. 19). The Defendant's Motion to Correct Sentence and Reconvene Sentencing Hearing is no more than a renewal of the oral request for such a hearing, without any facts or legal authorities in support of the motion. Neither a motion containing new facts, nor a memorandum of law citing supporting authorities, which would substantiate the assertion of "prosecutorial vindictiveness," was filed as required by Local Rule 10.A.1.

The Defendant's principal grievance is that the Court imposed a term of supervised release upon a revocation of Defendant's probation. The Court is of the view that a term of supervised release was appropriately imposed under the dictates of *United States v. Smith*, 907 F.2d 133 (11th Cir.1990), and the applicable guidelines in effect at the time the Defendant was placed on probation (on November 1, 1988). The Defendant originally pled guilty to a charge of conspiracy to violate Title 18 U.S.C. §§ 472 and 473 by possessing and selling counterfeit federal reserve notes in violation of 18 U.S.C. § 371. This offense is a Class "D" felony punishable by a maximum term of imprisonment of five years. 18 U.S.C. § 3559(a)(4). The Defendant was

placed on probation in lieu of incarceration. 18 U.S.C. § 3561, *et seq.* Upon his violations and revocation of probation, the Defendant was sentenced to five months [2] incarceration, credit time served, followed by a period of supervised release as permitted by U.S.S.G. § 7B1.3(a)(2).[3]

Pursuant to the Guideline § 5D1.1(b), the Court may order a term of supervised release in any case. Supervised release is mandatory only if a prison sentence of more than one year was imposed. In cases where the applicable prison sentence is less than one year, the Court has discretion with respect to supervised release. U.S.S.G. § 5D1.1 specifically provides that

(a) The court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute.

(b) The court may order a term of supervised release to follow imprisonment in any other case.

U.S.S.G. § 5D1.2(b) provides that a term of supervised release for at least two years is appropriate for a "Class D" felony. When considering any sentence the Court should determine whether the sentence imposed serves those factors to be considered generally in imposing a sentence. *United States v. Parrado*, 911 F.2d 1567 (11th Cir.1990) *cert. denied*, —— U.S. ——, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991). 18 U.S.C. § 3553(a) sets forth the factors to which the Court "shall consider" when determining the particular sentence to be imposed. *Smith, supra,* specifically teaches

Similarly, where a term of supervised release is discretionary, *see* Sentencing Guidelines § 5D1.1(b), the court ought to be able to consider the probation viola-

---

**2.** If the Court had sentenced the Defendant in accordance with the Guideline range of 0—5 months originally, the imprisonment would have been less than one year. *See* page 1501 of this Order.

**3.** Pursuant to the Guideline Policy Statement 7B1.3(g), in effect at the time of resentencing on February 12, 1991

Where probation is revoked and a term of imprisonment is imposed, the provisions of §§ 5D1.1–1.3 shall apply to the imposition of a term of supervised release.

tion in deciding whether to impose such a term. And whether supervised release is discretionary or mandatory, *see id.* § 5D1.1(a), the court should be able to consider the violation in determining the conditions, and, within the range prescribed by law, the duration of the term, *see id.* § 5D1.2.

907 F.2d at 136.

U.S.S.G. § 5D1.1(b) comment (n. 2) provides that in considering the imposition of supervised release, "the court may consider the need for a term of supervised release to facilitate the reintegration of the defendant into the community; to enforce . . . or to fulfill any other purpose authorized by statute."

The court initially felt the violations of probation were of such a nature to warrant the imposition of a sentence of three years incarceration on October 31, 1989.[4] The amended petition for probation action filed October 2, 1989 alleged seven violations. At the probation violation hearing, the Court found the Defendant had committed six violations. The evidence in support of the warrant showed that the Defendant violated numerous conditions of probation, including not being truthful to his probation officer on more than one occasion, failure to follow the probation officer's instructions, failure to support his dependents, failure to work regularly, and failure to notify his probation officer of a change in employment. Additionally, the Defendant was only on probation for some two months before the first violation began in December 1988, when the Defendant was fired from his employment, and continued through July 1989.

The Court has specifically considered the factors enumerated in 18 U.S.C. § 3553(a)(1), (2)(A)(B)(C) & (D), to determine the particular appropriate sentence to be imposed. *See generally United States v. Valle,* 929 F.2d 629 (11th Cir.1991) (district court should determine whether the sentence imposed serves the factors to be considered in imposing the sentencing). The Court is of the view that a term of supervised release is appropriate considering the nature and circumstances of the offense and the history and characteristics of the Defendant, and supervised release will deter further criminal conduct of the Defendant and protect the public. Additionally, the violation hearing demonstrated the Defendant has not been gainfully employed, nor had supported his family, and is in need of structured educational and vocational training to legally support himself and his family. These factors also support the finding of the need for a term of supervised release. In sum, after due consideration of all the factors the Court is to consider in fashioning an appropriate sentence, the Court is of the view that a term of supervised release is appropriate in this case.[5]

A separate Judgment and Commitment Order is entered this day reflecting the guideline calculations.

DONE and ORDERED.

---

4. The Court did not find that the Defendant violated probation by associating with a convicted felon. If the Court had been aware at that time that it could only sentence the Defendant to from 0—5 months of incarceration, some period of supervision would have followed.

5. The new § 7B1.3(g)(1) of the Policy Statement for Violation of Probation and Supervised Release, issued by the United States Sentencing Commission on November 1, 1990 suggests that the court upon a revocation of probation can impose a term of imprisonment and the provisions of U.S.S.G. § 5D1.1 regarding supervised release may be invoked.

Where probation is revoked and a term of imprisonment is imposed, the provisions of §§ 5D1.1–1.3 shall apply to the imposition of a term of supervised release.