955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randolph AMMONS, Defendant-Appellant.
 No. 91-3594.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Randolph Ammons appeals the sentence imposed by the district court following his conviction for probation violation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, attorneys for both parties have waived oral argument on appeal.
 
 
 3
 In March 1990, Ammons was sentenced to five years probation for receiving stolen mail in violation of 18 U.S.C. § 1708. This sentence represented a downward departure from the applicable guideline sentencing range of 9 to 15 months based upon substantial assistance to the government. However, Ammons soon violated the terms of his probation by failing to report to the probation office, failing to report a change of address, and two arrests for receiving stolen property and complicity to forgery.
 
 
 4
 At his probation revocation hearing, held on June 26, 1991, Ammons did not contest the information provided by the government concerning his violations. He did, however, object to the government's recommendation that he be sentenced according to U.S.S.G. §§ 7B1.3, p.s. and 7B1.4, p.s. Sentencing by this method would result in a sentencing range of 18 to 24 months, based upon his criminal history category of V. Instead, Ammons argued that both statute and case law prohibited the district court from imposing a sentence greater than that available under the sentencing guidelines for his original offense. The district court rejected this argument and sentenced Ammons to 24 months imprisonment after revoking his probation.
 
 
 5
 On appeal, Ammons raises the sole issue that the district court erred by imposing a sentence upon revocation of probation that exceeded the sentence originally available under the sentencing guidelines at the time of his initial sentencing.
 
 
 6
 Upon review, we vacate the district court's sentence because it was imposed in violation of 18 U.S.C. § 3565(a)(2). This statute required the court to impose a sentence that was "available at the time of the initial sentencing." Case law has interpreted this section to hold that the maximum sentence that may be imposed upon revocation of probation is the maximum sentence available under the guidelines for the original offense. See United States v. Dixon, 1991 U.S.App. LEXIS 29189 (9th Cir.1991); United States v. White, 925 F.2d 284, 286 (9th Cir.1991); United States v. Von Washington, 915 F.2d 390, 392 (8th Cir.1990); United States v. Smith, 907 F.2d 133, 135-36 (11th Cir.1990). See also United States v. Stephenson, 928 F.2d 728, 730 (6th Cir.1991) (a supervised release case, wherein dicta accept the proposition that § 3565(a)(2) limits the allowable term upon revocation of probation to the maximum available for the original offense).
 
 
 7
 Accordingly, the district court's sentence, imposed June 26, 1991, is vacated and the case is remanded for resentencing in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation