IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 91-8407

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY JAMES WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(May 20, 1992)

Before GOLDBERG, HIGGINBOTHAM, and DAVIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

We answer whether a sentencing court may rely upon conduct occurring after sentencing in departing upward in its sentence after revoking probation. We conclude that 18 U.S.C. § 3565(a) requires that the focus be upon the defendant's history and conduct at the time the original sentence was imposed.

I.

Terry James Williams pleaded guilty to assaulting a federal officer. He was sentenced on April 29, 1991, to four years probation, six months at a halfway house, 400 hours of community service, a fine of $16,543.22, and a special assessment of $50. His presentence report had calculated a base offense level of 6 and a level III criminal history category resulting in a sentencing

range of 2-8 months. The report also noted that an upward departure might be warranted because Williams's criminal history was more serious than that of most defendants in his criminal history category.

In June 1991, the government moved to revoke Williams's probation on the basis of his involvement in a barroom brawl and his positive test for marijuana use. After deciding to revoke Williams's probation on the basis of evidence presented by the government supporting these claims, the court sentenced Williams to 16 months incarceration, an upward departure from the applicable guideline range of 2-8 months. The district court gave the following explanation for his upward departure:

> It seems reasonable to me under the circumstances of this case where Mr. Williams pled guilty to having the dirty urine specimen, and in view of the fact that although it wasn't part of the motion for revocation, that he was associating with those that had been in trouble, and although it was not part of it that he was at a beer joint consuming alcohol, there is no dispute of that. It occurs to me that the guideline if it is in fact eight months, I will depart upward and impose a sentence of sixteen months.

Williams appeals his sentence on the ground that the district court improperly considered his conduct after the original sentencing hearing as the basis for an upward departure when resentencing him under 18 U.S.C. §3565(a). Because we agree that the upward departure by the district court was error, we need not consider Williams's other grounds for appeal.

## II.

The procedure for imposing sentence after revoking probation is governed by 18 U.S.C. §3565(a), which provides that the district

2

court may "impose any other sentence that was available under subchapter A at the time of the initial sentencing." We have not had occasion to interpret this language in conjunction with the sentencing guidelines, but other circuits have unanimously held that upward departures based upon conduct occurring during probation are not "available at the time of the initial sentencing." United States v. Alli, 929 F.2d 995 (4th Cir. 1991); United States v. Von Washington, 915 F.2d 390 (8th Cir. 1990); United States v. White, 925 F.2d 284 (9th Cir. 1991); United States v. Smith, 907 F.2d 133 (11th Cir. 1990).

We agree with these other circuits that when a defendant is being sentenced after the revocation of his probation, the district court may not upward depart from the guidelines range based upon the defendant's conduct occurring after the original sentencing. The guidelines "control the imposition of a new sentence after probation revocation in the sense that the original determinations of total offense level and criminal history category, based upon relevant facts established at the time of sentencing, delimit the sentences that were then available." Smith, 907 F.2d at 135. The court may upward depart from the guideline sentence, but must do so on the basis of information which was before the court and would have justified a departure at the original sentencing. Id. Once the district court has determined the appropriate guideline sentencing range based upon the facts available at the original sentencing, it may rely upon all relevant conduct, including

3

probation-violating conduct, when determining the appropriate sentence to impose within that range.  <u>White</u>, 925 F.2d at 287.

The district court explicitly relied upon Williams's post-sentencing conduct to support its upward departure.  The government asserts that because there were facts related to the severity of Williams's criminal history on which the district court could have based an upward departure, we should affirm the sentence on that basis.  The appropriate standard for determining whether a misapplication of the guidelines requires a remand is whether the party defending the sentence "persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor."  <u>Williams v. United States</u>, 112 S.Ct. 1112, 1121 (1992).  On this record, we cannot say that the district court would have upward departed on the basis of Williams's criminal history.  The district court did not indicate that it was receptive to the government's argument for departure on that basis and the two grounds for departure are based upon quite different concerns. We vacate Williams's sentence and remand for resentencing.

VACATED and REMANDED.