978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel William DONAGHE, Defendant-Appellant.
 No. 92-30183.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Nov. 3, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel William Donaghe pled guilty to one count of making false statements on a passport application in violation of 18 U.S.C. § 1542. His sentence was suspended, and he was placed on three years' probation. Donaghe then violated the terms of his probation by, among other things, being convicted of two counts of rape in Thurston County, Washington. The district court revoked probation and sentenced him pursuant to 18 U.S.C. § 3552(b) to a provisional sentence, pending a psychological study, of five years in prison (the statutory maximum), three years of supervised release, and a $2,000 fine. This court affirmed the revocation of probation and the provisional sentence. United States v. Donaghe, 924 F.2d 940 (9th Cir.), cert. denied, 112 S.Ct. 204 (1991).
 
 
 3
 After a hearing on April 10, 1992, the district court made the provisional sentence final, with the five years to be served consecutively to Donaghe's term on the state court rape sentence. Donaghe appeals, arguing that because he could receive only a "sentence that was available ... at the time of the initial sentencing" upon revocation of his probation, 18 U.S.C. § 3565(a)(2), he should have been sentenced within the Guidelines range of 0-6 months for his passport application offense.
 
 
 4
 A district court may not legally impose a pre-Guidelines sentence for offenses committed after the effective date of the Guidelines. United States v. Kane, 876 F.2d 734, 737 (9th Cir.), cert. denied, 493 U.S. 861 (1989). Donaghe made the false statements on his passport application on March 5, 1988. The Sentencing Guidelines apply to offenses committed after November 1, 1987. United States v. Bazemore, 869 F.2d 520, 521 (9th Cir.1989). Although the parties below failed to recognize that the Guidelines controlled Donaghe's sentencing, the government now agrees with Donaghe that it was plain error for the district court to have sentenced Donaghe to the statutory maximum without reference to the Guidelines.
 
 
 5
 We remand for resentencing pursuant to the Guidelines and in light of United States v. White, 925 F.2d 284, (9th Cir.1991). The "probation-violating conduct is not completely irrelevant" at resentencing. Id. at 287. Its relevance, though, is limited to a specific purpose. Conduct that occurs after sentencing, no matter how egregious, is not a departure factor in its own right because it was not available at the time of sentencing. The court may consider it only for the new light it sheds on where to sentence within the original Guidelines range or whether or how much to depart, provided factors warranting departure were known to the court at the time of the earlier sentencing. See id. at 286-87.
 
 
 6
 If the district court chooses to depart it must cite factors, available to it at the original sentencing, sufficient to support its decision. It may consider Donaghe's probation-violating conduct for its effect on the weighing of those departure factors.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3