985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Desmond JOHNSON, Defendant-Appellant.
 No. 90-50490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Jan. 25, 1993.
 
 Appeal from the United States District Court For the Central District of California; No. CR-89-0856-R-1, Manuel L. Real, District Judge, Presiding.
 C.D.Cal.
 DISMISSED.
 Before D.W. NELSON, CYNTHIA HOLCOMB, HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Desmond Johnson appeals his sentence under the Sentencing Guidelines for violating 18 U.S.C. § 472 which prohibits possession of counterfeit currency. For the reasons stated below, we find that we are without jurisdiction to hear Mr. Johnson's appeal.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 In 1989, Mr. Johnson pled guilty to two violations of 18 U.S.C. § 472. The pre-sentence report indicated that the applicable range of imprisonment was from one to seven months. The district court suspended imposition of the sentence and placed Mr. Johnson on probation for five years. In 1990, Mr. Johnson was arrested for violating the conditions of his probation. On August 27, 1990, the district court revoked Mr. Johnson's probation and sentenced him to 12 months imprisonment. At the sentencing hearing, the court stated that the upward departure from the original sentence was based upon Mr. Johnson's violation of his probation.
 
 
 4
 Appellant filed a timely notice of appeal on September 4, 1990. Shortly after the appeal was filed, this court held in United States v. White, 925 F.2d 284 (9th Cir.1991) that when an offender's probation is revoked, his conduct while on probation cannot justify an increase in the sentence originally determined to be appropriate. In light of this decision, the parties stipulated to a remand in order that Mr. Johnson could be re-sentenced.
 
 
 5
 Mr. Johnson was resentenced on April 15, 1991 to seven months imprisonment and three years supervised release. Mr. Johnson filed no notice of appeal from this April 1991 judgment and commitment order. His attorney filed two status reports with this court November 1, 1991, and December 20, 1991, indicating that Mr. Johnson's appeal from the August 27, 1990 sentencing order had been rendered moot. This court, however, failed to dismiss Mr. Johnson's appeal from his August 27, 1990, sentence.
 
 ANALYSIS
 
 6
 Mr. Johnson argues that his new sentence remains harsher than the first because the district court added three years of supervised release to the recommended seven month sentence. Mr. Johnson contends that the district court purposefully and wrongfully punished him by imposing a vindictive sentence as a result of Mr. Johnson bringing a successful appeal.
 
 
 7
 The government argues that this court is without jurisdiction to hear Mr. Johnson's appeal of his new sentence since this challenge constitutes a new appeal distinct from the one previously filed and for which Mr. Johnson failed to file a separate notice of appeal.
 
 
 8
 When Mr. Johnson's attorney filed his status reports indicating that Mr. Johnson's appeal from the August 27, 1990, order was moot, this court should have dismissed Mr. Johnson's appeal. Instead, on February 21, 1992 the court clerk issued an order to file the opening brief. Regardless of this mistake, this is a totally new appeal. Mr. Johnson does not appeal the August 27, 1990, order, but the April 1991 order.
 
 
 9
 Mr. Johnson's appeal from the April 1991 order is not timely. Indeed, notwithstanding that the April 1991 order is the only order he now challenges, Mr. Johnson does not argue that it is timely. Accordingly, we are without jurisdiction and must dismiss this appeal.***
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 ***
 If Mr. Johnson still wishes to challenge his sentence, he is advised to submit a habeas corpus petition to the lower court