97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joseph MARKS, Defendant-Appellant.
 No. 96-10066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Joseph Marks appeals the district court's judgment revoking his probation and sentencing him to a 12-month term of imprisonment. He contends that the district court erred by: (1) imposing a sentence outside the Chapter 7 Sentencing Guidelines and (2) failing to provide an adequate statement of reasons for the sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.
 
 
 3
 Marks was sentenced to four years probation after pleading guilty to misprison of a felony. Subsequently, the government filed a petition alleging Marks had violated a condition of his probation by failing to cooperate with the government. Marks admitted violating his probation and in exchange for the admission, the government agreed that his sentence would not exceed 18 months. The district court sentenced Marks to 12 months imprisonment followed by a one-year term of supervised release.
 
 
 4
 Marks contends that by sentencing him to 12 months imprisonment, the district court impermissibly departed upwards from the applicable sentencing range. We disagree.
 
 
 5
 When a court sentences a probation violater, it may sentence him pursuant to the policy statements contained in Chapter 7 of the Sentencing Guidelines or the Guideline range available at the time of the original sentencing. See United States v. Plunkett, 1996 WL 454790, at * 3 (9th Cir.1996); see also United States v. White, 925 F.2d 284, 286 (9th Cir.1991) (holding that when district court revokes probation it is constrained by the sentencing range determined during initial sentencing).
 
 
 6
 The parties agree that the applicable range under the policy statements was 4 to 10 months, see U.S.S.G. § 7B1.4(a), p.s., and that the Guideline range available at the initial sentencing was 24 to 30 months. See 18 U.S.C. § 3553 (1994). Thus, by sentencing Marks to a 12-month term, the district court remained below the 30-month maximum. See Plunkett, 1996 WL 454790, at * 3. Accordingly, no additional departure analysis was required. Cf. White, 925 F.2d at 286 (upon revoking probation, court may depart from original maximum sentence as long as valid grounds for departure exist).
 
 
 7
 We also reject Marks' contention that the district court failed to adequately explain its sentencing choice. The probation violation disposition report informed the court that it was limited by the 30-month term available at the initial sentencing. The report also informed the court of the 18-month cap agreed to by the government. Prior to selecting the 12-month sentence, the district court found that Marks had violated probation by relating information to an individual under investigation and had failed to cooperate with the government. The district court further commented that it was free to sentence Marks up to the 18-month maximum of the plea agreement. Reading the record as a whole, we conclude that the district judge made his reasons for imposing the sentence sufficiently clear. Cf. United States v. Lockhard, 910 F.2d 542, 546 (9th Cir.1990) (to facilitate review of sentence, court must address defendant's arguments in a manner that is understandable when viewed in the context of the record, including the presentence report).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3