946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce CALDWELL, Defendant-Appellant.
 No. 90-5545.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided Oct. 7, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-89-257)
 Argued: John Herman Hare, Federal Public Defender, Columbia, S.C., for appellant.
 Gregory Poole Harris, Assistant United States Attorney, Columbia, S.Carolina, for appellee.
 On brief: E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 VACATED AND REMANDED.
 Before WIDENER and PHILLIPS, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Bruce Caldwell appeals from an order of the district court revoking his probation and sentencing him to a ten month term of imprisonment. He argues that the court erred in imposing a sentence in excess of the guideline range applicable at the time of his initial sentencing. We agree and vacate and remand for resentencing.
 
 
 2
 Caldwell pleaded guilty to knowingly and unlawfully acquiring and possessing food stamp coupons of a value of more than $100.00, in violation of 7 U.S.C. § 2024(b)(1). The statutory maximum term of imprisonment for that offense is five years. Under the sentencing guidelines, his presentence report calculated his base offense level at 6 with a criminal history category of I. This resulted in an applicable guideline sentencing range of zero to six months. See U.S.S.G. Sentencing Table. Because appellant's minimum term of imprisonment was zero months he was eligible for probation. See U.S.S.G. § 5B1.1(a)(1). The district court found no reason to depart from the guidelines range and, on June 13, 1990, sentenced Caldwell to three years probation.[1]
 
 
 3
 Caldwell subsequently violated the conditions of his probation by being convicted of carrying a firearm and by failing to participate in a program of drug testing and treatment. The district court, on November 15, 1990, after a hearing and by order, revoked Caldwell's probation and sentenced him to a ten month term of imprisonment. Caldwell appeals from that order.
 
 
 4
 The sole issue on appeal is whether upon revocation of probation and resentencing a defendant may be sentenced to a term of imprisonment in excess of the guideline range applicable to the defendant at the time of his initial sentencing. The defendant, while on probation, was in possession of a firearm. Therefore, under 18 U.S.C. § 3565(b) the district court was required to revoke probation and "impose any other sentence that was available ... at the time of the initial sentencing."[2] Caldwell argues that the guidelines determine what sentence was available at the time of initial sentencing and that therefore the sentence available was zero to six months. The government asserts that the statutory maximum for the offense, five years, was the sentence available.
 
 
 5
 We recently decided an identical issue in United States v. Alli, 929 F.2d 995 (4th Cir.1991). While in that case we discussed § 3565(a)(2), the language at issue, "available ... at the time of initial sentencing," is identical to that in § 3565(b). We held that upon revocation of probation, Alli could be sentenced to no more than the maximum guideline sentence applicable to him at the time of his initial sentencing. 929 F.2d at 999.
 
 
 6
 Alli would ordinarily appear to be dispositive of this case without more; however, Alli was decided prior to the effective date of newly promulgated policy statements by the Sentencing Commission concerning revocation of probation. See U.S.S.G. § 7B1 (effective November 1, 1990).[3] Therefore, we must decide whether the new policy statements change the result that Alli would otherwise require.
 
 
 7
 Pursuant to 28 U.S.C. § 994(a)(3),[4] the Sentencing Commission issued policy statements concerning revocation of probation. Under the policy statements, violations of probation are classified according to the seriousness of the violation. See § 7B1.1. Caldwell's possession of a firearm constituted a Grade B violation. See § 7B1.1 (Application Note 5). Therefore, with his criminal history category of I, the revocation table set forth a guidelines range of from four to ten months' imprisonment. The district court sentenced Caldwell to ten months, the maximum sentence available.
 
 
 8
 While every circuit that addressed the issue prior to the effective date of the new policy statements has held that "sentence that was available" means the sentence available under the guidelines at the time of the initial sentencing,[5] no circuit appears to have decided the issue when the defendant's resentencing occurred after the effective date of the policy statements on revocation of probation.
 
 
 9
 We believe that the language of 18 U.S.C. § 3565(b) is clear and controlling, and we see no reason to depart from the reasoning of Alli and the other cases mentioned. The enactment of policy statements concerning revocation of probation does not and can not change the language of 18 U.S.C. § 3565. Initially, under the guidelines, Caldwell could have been imprisoned for from zero to six months. Any sentence in excess of six months was not "available ... at the time of [his] initial sentencing." Therefore, the district court erred in sentencing Caldwell to ten months' imprisonment.
 
 
 10
 Accordingly, the order appealed from sentencing Caldwell to a prison term of ten months is vacated and the case remanded for resentencing.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 [1]
 The defendant is to be sentenced under the guidelines and policy statements in effect on the date of sentencing. See 18 U.S.C. § 3553(a)(4)-(5)
 
 
 [2]
 18 U.S.C. § 3565(b) in full, states:
 Mandatory revocation for possession of a firearm.--If the defendant is in actual possession of a firearm, as that term is defined in section 921 of this title, at any time prior to the expiration or termination of the term of probation, the court shall, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.
 
 
 [3]
 Although the policy statements were not effective at the time of Alli's sentencing, we mentioned that they had been promulgated prior to our decision in Alli. 929 F.2d at 999. In Alli, we stated that the policy statements recommended a sentence less than what was available under the guidelines at the time of his initial sentencing but noted that the policy statements were not effective at the time of resentencing. Therefore, we did not apply the policy statements to Alli
 
 
 [4]
 § 994. Duties of the Commission
 (a) The Commission, by affirmative vote of at least four members of the Commission, and pursuant to its rules and regulations and consistent with all pertinent provisions of this title and title 18, United States Code, shall promulgate and distribute to all courts of the United States and to the United States Probation System--
 * * *
 (3) guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation set forth in section 3565 of title 18, and the provisions for modification of the term or conditions of supervised release set forth in section 3583(e) of title 18.
 28 U.S.C. § 994.
 
 
 [5]
 See United States v. Alli, 929 F.2d 995 (4th Cir.1991); United States v. White, 925 F.2d 284 (9th Cir.1991); United States v. Von Washington, 915 F.2d 390 (8th Cir.1990); United States v. Smith, 907 F.2d 133 (11th Cir.1990)