UNITED STATES of America, Plaintiff,

v.

Cindy L. HARRIS, Defendant.

No. 1:90 CR 0170.

United States District Court,
N.D. Ohio, E.D.

Oct. 13, 1993.

Phillip J. Tripi, U.S. Atty., for U.S.

Thomas Frye, Euclid, OH, for defendant.

_____

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

The United States petitions this Court to revoke Cindy Harris' probation and sentence her to a term of three to nine months in prison pursuant to § 7B1.4(a) of the Sentencing Guidelines. For the reasons set forth below, this Court revokes Harris' probation but does not apply § 7B1.4(a) to determine Harris' sentence, applying instead the sentencing guidelines in effect at the time of the imposition of probation.

### I.

On October 1, 1990, this Court sentenced Harris to three years probation and directed her to make restitution after her conviction for falsifying federal money orders in violation of 18 U.S.C. § 500. Under the guidelines then in effect, Harris had a criminal history Category I and an offense level 6. Therefore, the penalty range was zero to six months incarceration. Harris has fully paid the restitution as required.

On July 6, 1993, Harris pled guilty in Ashtabula County Court to a charge of possession of marijuana in an amount less than 100 grams, as well as a charge of possession with intent to use drug paraphernalia. The state court sentenced her to five days incarceration in county jail and a fine of $84.

Harris has been diagnosed with cancer. She continues to suffer from significant intermittent diarrhea, nausea, and anxiety, and takes Valium, Lomotil, and hormone therapy under medical supervision. Harris maintains that she took marijuana without a prescription, but at the suggestion of a physician, to alleviate the symptoms of her cancer. Harris has been supporting herself and her two children with income derived from General Assistance and, until recently, a crafts store she owned and operated.

### II.

18 U.S.C. § 3565(a) governs sentencing after the revocation of probation and provides:

> If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—
>
> (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
>
> (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A _at the time of the initial sentencing._

(emphasis added). 18 U.S.C. § 3553 governs the imposition of sentences in general and provides in pertinent part:

> The court, in determining the particular sentence to be imposed, shall consider—
>
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... and that are in effect on the date the defendant is sentenced.
>
> (5) any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced.

Section 3551(b), which addresses "authorized sentences," states:

> An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>
> (1) a term of probation ...;
>
> (2) a fine ...; or
>
> (3) a term of imprisonment....

Section 7B1.4(a) of the Federal Sentencing Guidelines, effective as of November 1, 1990, addresses sentences to be imposed upon violations of court-ordered probation. Under that section, Grade C violations—a category into which Harris' possession of marijuana falls—by defendants with a Category I criminal history are to be sentenced within a

range of three to nine months. Prior to November 1, 1990, § 7A1.2(a) governed the situation in which a probationer violated the terms of probation by engaging in·new criminal conduct: "Upon a finding of probation involving new criminal conduct, other than criminal conduct constituting a petty offense, the court shall revoke probation."

■ Although the Sixth Circuit has not addressed the issue, several circuits have held that application of § 7B1.4(a) to impose a sentence after revocation of probation is inappropriate where the sentence of probation predated the effective date of the section. The Tenth Circuit has directly held that "the plain language of ... § 3565 and the policy statements regarding probation revocation in Chapter 7 of the sentencing guidelines mandate [that] a sentencing court impose a sentence which was available at the time of the initial sentence which is the time defendant was originally sentenced to probation." *United States v. Maltais,* 961 F.2d 1485, 1487 (10th Cir.1992). The Fourth Circuit agrees: "The language of § 3565(a)(2) is clear. When probation given under a guideline sentence is revoked, the court is limited at resentencing to a sentence that was available at the time of the original sentence." *United States v. Alli,* 929 F.2d 995, 997 (4th Cir.1991). See also *United States v. Foster,* 904 F.2d 20, 21 (9th Cir.1990) ("when imposition of a sentence has been suspended and probation has been revoked, the court may impose only the sentence it originally might have imposed"); *United States v. Smith,* 907 F.2d 133, 136 (11th Cir.1990); and *United States v. Von Washington,* 915 F.2d 390 (8th Cir.1990). No circuit appears to have held to the contrary.

■ Section 3565(a)(2) requires that a court, upon revoking probation, impose that sentence which is within the sentencing range available at the time of the "initial sentencing." The initial sentence here was three years probation. This is clear, not only from the plain language of § 3565(a)(2), but also from a reading of §§ 3551(b) and 3553(a). Section 3553(a) requires consideration of the guidelines in effect at the time sentence is imposed, and § 3551(b) contemplates imposition of probation as a "sen-

tence." Thus, "when a sentencing court imposes probation, it has imposed a sentence." *Maltais,* 961 F.2d at 1487. The sentencing does not occur anew at the probation revocation stage; the defendant has already been sentenced. That sentence is therefore the "initial" sentence within the meaning of § 3565(a)(2). The Fourth Circuit noted that this view comports with the Sentencing Commission's purpose in adopting § 7B1.4(a), which was to treat violations of probation as a breach of trust rather than as new, independent criminal conduct. *Alli,* 929 F.2d at 997. In determining the proper disposition of the case after revocation of probation, then, a court is to look to the guidelines in effect at the time probation was imposed.

■ Here, the guidelines in effect at the time of Harris' sentencing provided for a sentence of zero to six months incarceration. The guidelines also provided that upon a violation constituting a criminal offense, the court was to revoke probation. This Court therefore revokes Harris' probation.

In considering the appropriate penalty within the zero to six month range established by the guidelines, this Court notes that Harris has served all but three weeks of her probation and has paid in full the restitution required of her. This Court also considers the circumstances surrounding the conduct which constituted the violation; that is, Harris' conviction of possession of marijuana. In its own experience, this Court is aware that some within the medical profession advise certain cancer patients that marijuana will alleviate their symptoms. While certainly not exculpatory, Harris' use of marijuana for this purpose serves to mitigate the severity of the violation. Taken together with evidence of Harris' demonstrated attempts to preserve the integrity of her family and to establish her financial independence, it is appropriate to treat the violation as a relatively minor one. This Court therefore sentences Harris to five days incarceration in the Ashtabula County Jail, to be served concurrently with the state court sentence already served.

### III.

Harris' probation is revoked, and she is sentenced to five days incarceration in the

Ashtabula County Jail, to be served concurrently with the sentence imposed by the Ashtabula County Court on July 31, 1993.

IT IS SO ORDERED.