47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Malone SWINDALL, Defendant-Appellant.
 No. 94-5674.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1995.
Decided Feb. 28, 1995.
 
 Daniel K. Read, JESSEE & READ, P.C., Abingdon, VA, for Appellant. Julie Marie Campbell, Asst. U.S. Atty., Abingdon, VA, for Appellee.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Malone Swindall appeals from the district court's orders revoking his probation and denying his motion for enforcement of the judgment. Swindall's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Swindall has filed a pro se brief raising additional issues for our consideration. Finding no error, we affirm.
 
 
 2
 After Swindall pled guilty to violating the terms of his probation by possessing a controlled substance, the court revoked his probation and directed that Swindall be "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of [t]hree (3) months community confinement" to be followed by an agreed oneyear term of supervised release. The court recommended that Swindall serve his sentence at the Lebanon Correctional Center.
 
 
 3
 After the Bureau of Prisons designated the Federal Penitentiary at Petersburg, Virginia, for service of Swindall's three-month sentence, Swindall moved to enforce the judgment which directed that the sentence be served at Lebanon Correctional Center. Alternatively, Swindall requested that the court set aside his guilty plea or stay execution of his sentence pending appeal. During the hearing on this motion, Swindall withdrew his motion to set aside his guilty plea. The court denied the motions finding that the commitment to the Bureau of Prisons must take precedence over the "three months community confinement." Swindall appeals from this order.
 
 
 4
 We find no abuse of discretion in the district court's decision to revoke Swindall's probation. See Burns v. United States, 287 U.S. 216, 222-23 (1932). During a routine house visit, the probation officer noted that Swindall's residence and clothing smelled like marijuana smoke. A search uncovered two lighters and two packages of rolling papers in Swindall's pockets and parts of a marijuana plant inside the residence. Swindall's urine tested positive for marijuana use. Additionally, Swindall presented no objections to the probation officer's report. We find that this evidence constitutes a sufficient basis on which the court could be reasonably satisfied that Swindall violated the conditions of his probation. See United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968); United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967).
 
 
 5
 Upon finding that a defendant violated a condition of probation by being in possession of a controlled substance, the court must "revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." 18 U.S.C.A. Sec. 3565(a) (West Supp.1994). Swindall's "original sentence," the maximum term of imprisonment available under the Sentencing Guidelines range applicable at the time of his sentencing for the underlying offense, was zero to six months. See United States v. Granderson, 62 U.S.L.W. 4190, 4192-94 (U.S.1994); United States v. Penn, 17 F.3d 70, 73 (4th Cir.1994). The Guideline range for Swindall's grade C violation of the terms of his probation was three to nine months. United States Sentencing Commission, Guidelines Manual, Sec. 7B1.4(a) (Nov.1992). Thus, the district court properly imposed a sentence of three months imprisonment upon revocation of Swindall's probation. See United States v. Alli, 929 F.2d 995, 998 (4th Cir.1991).
 
 
 6
 The imposition of a supervised release term was also appropriate. "Where probation is revoked and a term of imprisonment is imposed, the provisions of Secs. 5D1.1-1.3 shall apply to the imposition of a term of supervised release." U.S.S.G Sec. 7B1.3(g)(1); see Alli, 929 F.2d at 999. Under Sec. 5D1.1, "[t]he court may order a term of supervised release to follow imprisonment in any [ ] case" in which the sentence of imprisonment is one year or less. Because the court sentenced Swindall to a three-month term of imprisonment, the one-year supervised release term was proper. U.S.S.G Secs. 5D1.1-1.2.
 
 
 7
 Swindall's counsel is most adamant about the district court's denial of the motion in which he protested the authority of the Bureau of Prisons to designate Swindall's service of his sentence at the Federal Penitentiary at Petersburg, Virginia, when the court ordered three months community confinement. He also challenges the Bureau of Prison's failure to provide an explanation for the penitentiary designation. Because these issues were not raised below, this Court will not entertain them on appeal. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). Moreover, Swindall has completed his three-month sentence, and therefore these issues are moot.
 
 
 8
 In his informal brief, Swindall appears to be raising challenges to his original plea and sentencing, including failure to timely receive a copy of the presentencing report. These issues are not properly before this Court. Swindall may also be arguing that he did not receive a copy of the presentencing report prior to the sentencing for his probation violation. Swindall and his attorney did not argue in the district court that they had insufficient time to review the report, and, if in fact they had not received the report prior to sentencing, on the facts of this case, this error does not amount to plain error. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 9
 An accordance with Anders, 386 U.S. at 744, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's orders revoking Swindall's probation, imposing a three-month sentence, and denying Swindall's motions to enforce the judgment or grant a stay pending appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED