UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                        No. 97-4225

THOMAS ALVIS MARTIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-91-55)

Submitted: September 30, 1997

Decided: November 13, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary M. Bowman, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Alvis Martin appeals the 21-month sentence imposed by the district court upon revocation of his supervised release. He contends that the district court erred in deciding that he had committed a Grade B violation. See U.S. Sentencing Guidelines Manual, § 7B1.1, p.s. (1995). We affirm.

In the first year of his three-year term of supervised release, Martin tested positive for cocaine use a dozen times. He began a course of outpatient drug counseling but failed to keep his appointments. At his revocation hearing, Martin did not dispute that he violated his supervised release, but he contested the probation officer's conclusion that Martin had committed a Grade B violation, that is, a "federal, state, or local offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2), p.s. Because Martin was in criminal history category VI, the Grade B violation gave him a revocation guideline range of 21-27 months. See USSG § 7B1.4, p.s. He argued that only federal law should apply and that possession of cocaine should be a Grade C violation because it is punishable by no more than one year of imprisonment under federal law. See 21 U.S.C.A. § 844 (West Supp. 1997). Had the court found that Martin committed a Grade C violation, his guideline range would have been 8-14 months. However, the district court found that state offenses were included in the guideline definition of a Grade B violation.

Martin first argues on appeal that the district court based its determination on the mistaken belief that a felony cannot be a Grade C violation and erred in looking to North Carolina law rather than federal law to find that he had committed a Grade B violation. However, our review of the record of the revocation hearing discloses that the district court's decision was properly focused on whether Martin's conduct was punishable by a term of imprisonment exceeding one year.

Next, Martin contends that, where both state and federal laws have been broken, only federal law should be considered to determine the grade of violation. His position is flatly contradicted by language of

2

USSG § 7B1.1. In support of his position, he relies on dicta in <u>United States v. Alli</u>, 929 F.2d 995, 998 (4th Cir. 1991), stating that the defendant in that case, who violated his probation by using cocaine in North Carolina, had committed a Grade C violation. However, <u>Alli</u> presented a different issue from the one raised here.* Additionally, the statement Martin relies on took into account the information in Alli's revocation petition and the findings made by the district court in that case, which may not parallel exactly the facts in this case. The North Carolina statute which establishes the state penalty for cocaine possession was amended in 1989, 1990, 1991, and 1995, <u>see</u> N.C. Gen. Stat. § 90-95 (1996). It is not clear what penalty applied to Alli's conduct.

Currently, § 90-95 provides that possession of one gram or more of cocaine is a Class I felony. Under N.C. Gen. Stat. § 15A-1340.17, a Class I felony is punishable by a prison term of greater than one year. Consequently, we find that the district court did not err in finding that Martin committed a Grade B violation of his supervised release.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

*The issue in <u>Alli</u> was whether a defendant whose probation was revoked could be sentenced to a term of imprisonment in excess of the guideline range applicable at the time of his original sentencing.

3