**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4824

TYRONE KRESIMIR HEAGGANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-36-V)

Submitted: March 10, 1998

Decided: April 8, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Brian L. Whisler, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Kresimir Heaggans pled guilty to bank larceny and was sentenced to a term of three years probation in 1996. After a series of probation violations, the district court revoked Heaggans' probation and sentenced him to twenty-four months imprisonment. Heaggans contends that the district court abused its discretion in imposing a prison term for probation violation which exceeded the sentencing range of four to ten months set out in the Chapter 7 policy statements. See U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (1995). We affirm.

Under current law, if a defendant violates the conditions of his probation, the court may continue him on probation or "revoke the sentence of probation and resentence the defendant under subchapter A." See 18 U.S.C.A. § 3565(a)(2) (West Supp. 1997). Before subsection (a)(2) was amended in 1994, when a sentence of probation imposed under the sentencing guidelines was revoked, the district court was "limited at resentencing to a sentence that was available at the time of the original sentence." United States v. Alli, 929 F.2d 995, 997 (4th Cir. 1991). The parties do not contest the district court's conclusion that Heaggans' guideline range at his original sentencing was four to ten months.*

After the 1994 amendment, we held that the "amended provision plainly permits a district court to begin the sentencing process anew and to impose any sentence that satisfies statutory and guideline requirements." United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). Heaggans argues that the district court abused its discretion in sentencing him in excess of the four-to-ten-month range prescribed under USSG § 7B1.4. However, the Chapter 7 policy statements are

_____

*The court erroneously concluded that a criminal history category of two and an offense level of seven yields a guideline range of four to ten months imprisonment. The Guidelines clearly provide that the appropriate range is two to eight months. See USSG ch. 5, pt. A (sentencing table). Because this error is irrelevant given our disposition of this appeal, it is harmless.

merely advisory. <u>See United States v. Davis</u>, 53 F.3d 638, 640-42 (4th Cir. 1995). The district court concluded that a longer sentence of imprisonment was necessary to give Heaggans an opportunity to overcome his drug addiction. We find that the court did not abuse its discretion.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>