Filed: June 24, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 97-4316
(CR-95-84-4)

_____

United States of America,

                                    Plaintiff - Appellee,

        versus

Laura B. Anderson,

                                    Defendant - Appellant.

_____

O R D E R

_____

        The court amends its opinion filed February 23, 1998, as
follows:

        On page 2, first full paragraph, line 7 -- the word "between"
is corrected to read "<u>before</u>."

        On page 3, first paragraph, line 5, and first full paragraph,
line 2 -- the word "parole" is corrected to read "<u>probation</u>."

                                    For the Court - By Direction

                                    _____
                                    /s/ Patricia S. Connor
                                            Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4316

LAURA B. ANDERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-95-84-4)

Submitted: December 23, 1997

Decided: February 23, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Ervin, BYRD, BYRD, ERVIN, WHISNANT, MCMAHON
& ERVIN, P.A., Morganton, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

# OPINION

PER CURIAM:

Laura B. Anderson challenges her sentence to a twenty-four month term of imprisonment, which exceeded the Sentencing Guidelines range of four to ten months arising from the original offense. Anderson's sole issue on appeal is whether the sentence imposed after committing probation violations exceeded the maximum sentence permitted under the applicable law. A change in the law occurred before the time of Anderson's initial sentence and resentencing after probation violations.

The controlling statute at issue, 18 U.S.C.A. § 3565 (West Supp. 1997), states:

> (a) If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable--
>
> > (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
> >
> > (2) revoke the sentence of probation and resentence the defendant under subchapter A.

The current language of subsection (a)(2) was the result of a legislative amendment effective September 13, 1994, in which Congress altered the language from the original text. The prior version provided that the district court could: "(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing."

For probation violations occurring prior to this Amendment in September 1994, this Circuit's law is clear: "[w]hen probation given

2

under a guideline sentence is revoked [in pre-Amendment cases], the court is limited at resentencing to a sentence that was available at the time of the original sentence." See United States v. Alli, 929 F.2d 995, 997 (4th Cir. 1991). However, since the amendment, the district court's options at sentencing after probation revocation have been expanded.

Since the passage of the 1994 Amendment, this Court has addressed the application of the amendment to probation revocation cases. We have held that the "amended provision plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A, i.e., one that satisfies statutory and guideline requirements." United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). Anderson challenges her sentence only on the basis that the twenty-four month sentence is invalid under existing law. However, the sentence is within the statutory maximum, see 18 U.S.C.A. § 1029(a)(2), (c) (West Supp. 1997), and the guidelines range on probation revocation is merely advisory. See United States v. Davis, 53 F.3d 638, 640-42 (4th Cir. 1995). We therefore affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3