**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4218

ANDREW BENJAMIN PUGH, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-58-V)

Submitted: October 6, 1998

Decided: October 22, 1998

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Benjamin Pugh, Jr., appeals the district court's revocation of probation imposed for conspiracy to commit bank fraud. We affirm.

In January 1998, the probation office filed a petition to revoke Pugh's probation on the grounds that: (1) on September 16, 1997, Pugh was in possession of a knife while at the probation office; (2) on April 22 and August 25, 1997, Pugh tested positive for marijuana; (3) Pugh failed to appear for several scheduled visits with Dr. McEwen; (4) in April 1997 and August through December 1997, Pugh failed to file the monthly supervision report with the probation office; and (5) Pugh had failed to make any restitution payments. At the hearing, Pugh's probation officer provided evidence in support of each violation. Pugh himself testified that he carried a knife for personal protection, drank alcohol for depression and used marijuana. The court found that the government had proved by a preponderance of the evidence that Pugh committed all five probation violations and sentenced Pugh to nine months' incarceration.

Pugh first contends that the district court's finding as to his state of mind and willfulness of violations are not supported by the evidence. Specifically, Pugh takes issue with the court's conclusion that Pugh was malingering and that he fully understood his probation obligations but simply refused to comply. Pugh presumes that the court's conclusion was based on two reports in the record by mental health experts who examined him and concluded that he was deliberately attempting to create a false impression of mental illness. Pugh attacks the experts' evaluations as unreliable and based on "voodoo science," and claims that the court made no independent finding concerning the reports' validity.

We find this contention to be without merit. First, the record discloses that the court based its finding that Pugh fully understood his probation obligations on the court's own assessment of Pugh's demeanor and on the evidence given by the probation officer and Pugh at the hearing. Our review of the hearing supports the district

2

court's finding that Pugh was coherent and understood the charges against him and his obligations on probation. We therefore find that the district court did not abuse its discretion in revoking Pugh's probation.

Pugh next argues that the district court erroneously applied the Chapter Seven guideline range of three to nine months' incarceration when it should have sentenced him within the guideline range of zero to six months applicable to his underlying conviction. Under current law, if a defendant violates the conditions of his probation, the court may continue him on probation or "revoke the sentence of probation and resentence the defendant under subchapter A." See 18 U.S.C.A. § 3565(a)(2) (West Supp. 1998). Before subsection (a)(2) was amended in 1994, when a sentence of probation imposed under the sentencing guidelines was revoked, the district court was "limited at resentencing to a sentence that was available at the time of the original sentence." United States v. Alli, 929 F.2d 995, 997 (4th Cir. 1991).

After the 1994 amendment, we held that the "amended provision plainly permits a district court to begin the sentencing process anew and to impose any sentence that satisfies statutory and guideline requirements." United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). In light of these changes, Pugh's contention that the court should have sentenced him within the original sentencing range is meritless.

Finally, Pugh claims that the district court abused its discretion in sentencing him at the top of the Chapter Seven guideline range. However, the district court had discretion to sentence Pugh to any term of imprisonment which did not exceed the statutory maximum of five years. See United States v. Davis, 53 F.3d 638, 640-42 (4th Cir. 1995). The record shows that the court concluded Pugh merited a sentence at the top of the guideline range because of his refusal to cooperate with probation despite his evident understanding of his obligations. We find no abuse of discretion in the imposition of the sentence.

Accordingly, we affirm Pugh's sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4