**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 00-4316

ABIGAIL C. VINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-99-7)

Submitted: September 21, 2000

Decided: October 2, 2000

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michelle R. Fox, Elkins, West Virginia, for Appellant. Melvin W.
Kahle, Jr., United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abigail C. Vinson appeals the district court's imposition of a one-year sentence of imprisonment upon revocation of probation. Vinson conceded in the district court that she had violated the conditions of her probation. She contends on appeal that the district court erred in imposing a sentence above the 4-10 month range applicable under Chapter 7 of the sentencing guidelines without providing a factual or legal basis for departure. She also claims that the district court abused its discretion by failing to adequately consider the underlying crime,* the original sentence that could have been imposed, the time she had already served in state custody, and other mitigating factors. We affirm.

Under current law, if a defendant violates the conditions of probation, the court may continue probation or revoke it and "resentence the defendant under subchapter A." See 18 U.S.C. § 3565(a)(2) (1994). We have held that the "amended provision plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A, i.e., one that satisfies statutory and guideline requirements." United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). Vinson argues that the court should have imposed a sentence within the original guideline range of zero to six months, relying on United States v. Alli, 929 F.2d 995, 997 (4th Cir. 1991). However, for probation revocation sentences imposed after the 1994 amendment to § 3565, Alli is no longer controlling. Moreover, the district court had discretion to sentence Vinson to any term of imprisonment that did not exceed the statutory maximum of one year. See United States v. Davis , 53 F.3d 638, 640-43 (4th Cir. 1995). A sentence above the range set out in Chapter 7 is not a departure. Id. at 642 n.15. Consequently, we find that the district court did not abuse its discretion in imposing the sentence.

_____

*Vinson's original offense was a violation of 18 U.S.C.A. § 661 (West Supp. 2000), theft within the special maritime and territorial jurisdiction of the United States.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

F